In the Matter of the Claim of ABRAHAM KOTLIAR, Respondent, against LIBRARY EFFICIENCY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a foreman in a printing plant. The board has found that on September 10, 1949, claimant became disabled as a result of an occupational disease (urticaria vaso-motor rhinitis and asthma) contracted as a result of dust, and ink and powder used in printing. The claim was filed August 28, 1950, and the main question on this appeal is whether it was filed on time. The appellant contends there is no substantial evidence that claimant's disability occurred September 10, 1949, and that the board's finding of that date of disablement is arbitrary. There is proof in the record that claimant began suffering the effects of the occupational disease due to exposure in 1947 and 1948. In June, 1948, he took a six months' leave of absence, and appellant contends that if there is disability to be found as a result of occupational disease, it is then that disability occurred and the filing of the claim in August, 1950, was not within the two-year period required by section 28 of the Workmen's Compensation Law. But it has been frequently held that the contracting of an occupational disease without disability does not begin the running of the limitation on the time of filing. The disablement is the important factor. We do not think the board was necessarily required to find that the leave of absence in June, 1948, was a disablement resulting from this occupational disease. It could have been due to claimant's desire, as he testified, to "look for a better position" and to the results of a post-operative condition due to the correction of a **deviated septum. Even if the** occupational disease played some part in claimant's decision to seek other employment, it was not necessarily to be found that this was then the cause of a "disablement" within the statute or that the board was necessarily bound on this record to find that it was. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.